UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LONNIE TODD BARNES,

    Petitioner,

v.                                          Case No. 22-12228

FREDEANE ARTIS, ACTING WARDEN,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION
TO EXTEND TIME TO FILE A WRIT OF HABEAS CORPUS AND
DISMISSING THE CASE WITHOUT PREJUDICE**

Pending before the court is Petitioner Lonnie Todd Barnes's "Delayed Motion to Extend Time to Submit Petitioner's Writ of Habeas Corpus." (ECF No. 1.) For the reasons stated below, the motion is denied. Additionally, the case will be dismissed without prejudice.

**I.    DISCUSSION**

To commence a civil action in federal court, a litigant must file a complaint with the court. Fed. R. Civ. P. 3. The Federal Rules of Civil Procedure apply to habeas actions unless they are inconsistent with the Habeas Corpus Rules, and "[n]othing in the Habeas Corpus Rules contradicts Rule 3." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). "The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief -- the equivalent of a complaint in an ordinary civil case." *Id.*; *see also United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016) (a proper habeas action is required to challenge a federal prisoner's conviction and

sentence); *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013) ("[N]o case or controversy generally exists before an actual [habeas] petition is filed").

A habeas petition must "allege the facts concerning the applicant's commitment or detention[.]" 28 U.S.C. § 2242, ¶ 2. The petition must also "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested . . ." Rule 2(c), Rules Governing Section 2254 Cases. "The petition must substantially follow either the form appended to [the Rules Governing Section 2254 Cases] or a form prescribed by a local district-court rule." Rule 2(d).

Petitioner's pleading does not meet the requirements for commencing a habeas case. He provided no information regarding his conviction(s) and sentence(s), and failed to specify the relief he seeks, his grounds for relief, and the supporting facts. Rule 2(c), Rules Governing Section 2254 Cases. Accordingly, Plaintiff has failed to commence a habeas action. *Woodford*, 538 U.S. at 208; *Asakevich*, 810 F.3d at 420.

Petitioner's motion will thus be denied. Petitioner cannot request relief from his deadline before he has established a case. Additionally, equitable tolling of habeas claims applies only to pleadings actually filed; "[i]t does not permit pre-approval of such tolling based on a 'hypothetical state of facts.'" *Asakevich*, 810 F.3d at 421 (6th Cir. 2016) (quoting *Chafin v. Chafin,* 568 U.S. 165, 172 (2013)). Granting Petitioner's request for a deadline extension would amount to an advisory opinion that a habeas petition would be accepted as timely if and when Petitioner chose to file a petition. "[F]ederal courts have no license to issue advisory opinions," and they may not bend or ignore that principle, "no matter how convenient or efficient the request might otherwise be." *Id*.

## II. CONCLUSION

IT IS ORDERED that "Delayed Motion to Extend Time to Submit Petitioner's Writ of Habeas Corpus" (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that because Plaintiff has failed to commence a habeas action, this case is DIMISSED WITHOUT PREJUDICE.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: December 6, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 6, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner  /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522